K. Kelsey Gooden, ISB No. 10842
MAUK MILLER & HAWKINS, PLLC
600 E. Riverpark Lane
Suite 210
Boise, Idaho 83706
Telephone: 208-287-8787
office@idahojustice.com

Attorney for Plaintiff Gregory Hatch

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Gregory Hatch,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SkyWest Airlines, Inc.,<br><br>　　　　　Defendant. | Case No. _____<br><br>Judge _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Gregory Hatch complains against defendant SkyWest Airlines, Inc. as follows:

## NATURE OF ACTION

This is an action for an award of appropriate relief, including but not limited to attorney fees, and other relief on behalf of Plaintiff, Gregory Hatch ("Mr. Hatch"), an employee of Defendant, SkyWest Airlines, Inc. ("SkyWest"), who has been harmed by SkyWest's discriminatory employment practices and retaliation by the same for making, pursuing, participating in, and supporting claims for unlawful discrimination and harassment and for opposing employment practices made unlawful by federal and state law.

In particular, this action arises under the following:

COMPLAINT AND DEMAND FOR JURY TRIAL – 1

  a. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*, as amended by the Civil Rights Act of 1991, at 42 U.S.C. § 1981(a) ("Title VII"), including § 703 which prohibits sex discrimination, 42 U.S.C. § 2000e-2(a), and § 704(a) which prohibits reprisal and retaliatory acts, 42 U.S.C. § 2000e-3(a); and

  b. The Idaho Human Rights Act ("IHRA"), Idaho Code § 67-5909, which prohibits discrimination based upon sex, and Idaho Code, § 67-5911 which prohibits reprisal or retaliatory acts.

## PARTIES

  1. Plaintiff, Mr. Hatch, is, and was at all times pertinent hereto, a male and citizen of Idaho, residing in Ada County.

  2. At all times relevant herein, Mr. Hatch was an employee of SkyWest within the meaning of 42 U.S.C. § 2000(e)-(f), 29 U.S.C. § 630(f), and Idaho Code § 67-5902.

  3. Defendant, SkyWest, is a Utah Corporation with its principal offices in St. George, Utah and operating an office known as the "SkyWest Maintenance Hangar" in Boise, Idaho. SkyWest has consistently had at least 15 employees.

  4. At all times relevant hereto, SkyWest was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of SkyWest.

  5. At all times material herein, SkyWest is and has been a "person" and "employer" as defined under Title VII and the IHRA and is accordingly subject to the provisions of each said act.

## JURISDICTION AND VENUE

6. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 1391 as Mr. Hatch's claims are substantively based on Title VII.

7. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 to consider Mr. Hatch's claims arising under the IHRA.

8. All conditions precedent to the institution of this suit have been fulfilled and Mr. Hatch has satisfied all jurisdictional prerequisites prior to commencement of this action. On October 5, 2020, a Notice of Right to Sue was issued by the Idaho Human Rights Commission ("IHRC") and this action has been filed within 90 days of receipt of said notice.

## BACKGROUND AND FACTUAL ALLEGATIONS

9. Mr. Hatch began working for SkyWest on or around October 19, 2009 as a Ramp Agent.

10. During his employment with SkyWest, Mr. Hatch advanced to the higher-paying position of Parts Clerk which he assumed around the year 2014.

11. As a Parts Clerk, Mr. Hatch was initially supervised by John Brown ("Mr. Brown"). When Mr. Brown left SkyWest around the end of 2018, Willa Rich ("Ms. Rich"), a coworker of Mr. Hatch, stepped into the supervisor role.

12. Throughout his employment with SkyWest and continuing throughout the events of discrimination and retaliation described herein, Mr. Hatch consistently received commendable performance evaluations from his supervisors.

13. On January 21, 2020, Ms. Rich came into the parts department and Adriana Arnold ("Ms. Arnold"), a female coworker and personal friend of Ms. Rich, falsely expressed to Ms. Rich that the previous day Mr. Hatch did not complete his daily tasks. Ms. Rich then left the area.

14. When Ms. Rich returned to the parts department, she did so with another female supervisor, Amber Payne. Ms. Rich then began to publicly and accusatorily question Mr. Hatch without ever allowing him to answer her questions. Ms. Rich then placed her hands on Mr. Hatch and pushed him backward. All witnesses to the incident are female with the exception of Mr. Hatch.

15. The following day, January 22, 2020, Kellie Dehais from Human Resources placed Mr. Hatch on administrative leave while SkyWest investigated the confrontation.

16. On January 23, 2020, Mr. Hatch filed a formal grievance for physical harassment against his supervisor, Ms. Rich.

17. SkyWest terminated Mr. Hatch's employment on February 14, 2020, choosing to believe that a male is more likely to engage in a physical confrontation than a female, despite his report of hostile behavior on the part of Ms. Rich.

18. SkyWest took no action to investigate Mr. Hatch's legitimate concerns and failed and refused to take prompt remedial action calculated to protect him from Ms. Rich's offensive and hostile conduct.

19. Instead, SkyWest took statements only from female coworkers and friends of Ms. Rich regarding the confrontation and leading to the conclusion that Mr. Hatch was the aggressor.

20. Because of Mr. Hatch's complaint and formal grievance, SkyWest chose to terminate Mr. Hatch's employment without good of justifiable cause.

21. Mr. Hatch appealed the decision to terminate his employment but was denied. Following the denial, Mr. Hatch filed a complaint with the IHRC.

22. Mr. Hatch has been unable to find work since SkyWest unlawfully terminated him.

## INCOROPORATION

23. Mr. Hatch hereby alleges and incorporates all of the foregoing allegations and averments in Paragraphs 1-22, in each and every cause of action stated herein.

### FIRST CAUSE OF ACTION
### Sex Discrimination

24. The disparate discriminatory treatment of Mr. Hatch by SkyWest arises from the confrontation between Mr. Hatch and Ms. Rich. The hostile, offensive, and harassing behavior was perpetuated or directed largely by Ms. Rich with the knowledge, support, and consent of others in the administrative and management hierarchy of SkyWest.

25. All of the decisions and actions taken against Mr. Hatch by SkyWest described here were motivated in whole or substantial part by his male gender, with the discriminatory intent and effect of depriving Mr. Hatch of equal treatment provided to similarly situated female employees.

26. The conduct of Ms. Rich in particular toward Mr. Hatch had the purpose and effect of unreasonably interfering with Mr. Hatch's work performance and further created and fostered an intimidating, hostile, unwelcome, and offensive work environment for Mr. Hatch.

27. Despite being aware and advised of Mr. Hatch's legitimate complaints and concerns, SkyWest failed to take immediate and appropriate action to cause cessation of or otherwise circumscribe the discriminatory and harassing conduct against Mr. Hatch.

28. Regardless of SkyWest's actual or implied knowledge of this discriminatory, harassing, and essentially retaliatory conduct, given the position and duties of those perpetuating such wrongs, SkyWest is, as a matter of law, strictly liable.

29. As the direct and proximate cause of the wrongful discriminatory conduct described herein, Mr. Hatch has suffered and will in the future continue to suffer injury and loss as more particularly described herein below.

## SECOND CAUSE OF ACTION
### Retaliation

30. Federal and state law, including specifically 42 U.S.C. § 2000e-3(a) and Idaho Code § 67-5911, prohibit any form of reprisal or retaliation by employers and their agents against employees who exercise their rights to oppose discrimination and to seek protection under the laws which prohibit gender discrimination.

31. Mr. Hatch availed himself of the protection and application of these laws by, among other things, objecting to and opposing the discriminatory conduct of SkyWest by registering and pursuing his complaints of discrimination internally with SkyWest through the appropriate formal grievance process and externally with the IHRC.

32. Such objections, opposition, and complaints by Mr. Hatch were made in good faith with a reasonable belief that SkyWest's conduct was unlawful.

33. As a result of the formal grievance process, SkyWest retaliated and took reprisal against Mr. Hatch by terminating his employment in violation of the all aforementioned laws.

34. As the direct and proximate cause of such retaliatory conduct, Mr. Hatch has suffered and will continue to suffer injury and loss more particularly described herein below.

## THIRD CAUSE OF ACTION
### Hostile and Abusive Work Environment

35. SkyWest's conduct as alleges above constitutes hostile and abusive working environment in violation of Title VII. The stated reasons for Mr. Hatch's termination were not true reasons, but instead were pretext to hide SkyWest's discriminatory animus.

## DAMAGES

36. The following allegations, paragraphs 36-43, are incorporated by reference as part of each count, claim, and cause of action stated in this Complaint and any amendment to the Complaint.

37. As the direct and proximate cause of SkyWest's discriminatory, harassing, retaliatory, and other unlawful conduct, Mr. Hatch has suffered and unless and until this Court grants relief, he will continue to suffer in the form of humiliation, mental anguish, and loss to his professional reputation and career, and other losses, tangible and intangible, economic and compensatory, in an amount to be proven and determined at trial for which he seeks full recovery.

38. Among other things, Mr. Hatch seeks all recoveries and relief as allowed by law for the following:

   a. Emotional distress, anxiety, and mental anguish;

   b. Loss of reputation;

   c. Disruption of his career; and

   d. Incidental and consequential losses.

39. The conduct of SkyWest as described herein was willful, intentional, knowing, malicious, reckless, and in extreme deviation from appropriate and acceptable standards, thereby entitling Mr. Hatch to awards of exemplary, punitive, and liquidated damages as are allowed by law.

40. To the extent required by Idaho Code § 6-1604 or other applicable law, Mr. Hatch reserves his right to amend this Complaint to add a prayer for punitive damages.

## EQUITABLE RELIEF

41. The facts and circumstances giving rise to this action, and the conduct which is threatened to occur in the future justifies this Court granting appropriate equitable relief, as allowed by law, including pursuant to 42 U.C.S. § 2000e-5(g) and Idaho Code § 67-5908(1).

42. In certain respects, Mr. Hatch has not plain, adequate, or complete remedy at law to redress the wrongs alleged herein, particularly the damage done to his mental health, and this action, insofar as it seeks injunctive relief, is the only means of securing full and adequate relief.

## ATTORNEY FEES AND COSTS

43. As consequence of the complaints, causes, and claims stated herein, Mr. Hatch has been required to retain the law firm of Mauk Miller & Hawkins and has incurred and will incur costs and reasonable attorney fees related thereto, for which he is entitled to a separate award of reimbursement pursuant to Section 706 of Title VII, 42 U.S.C. § 2000e-5(k), the Civil Rights Attorney Fees and Award Act of 1976, 42 U.S.C. § 1988(b), Rule 54 of the Federal Rules of Civil Procedure, and other comparable provisions of the laws of the United States and the State of Idaho affording such awards.

## JURY DEMAND

44. Mr. Hatch requests a trial by jury of twelve persons on all counts, claims, and causes of action triable by a jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Wherefore, Mr. Hatch requests that this Court enter judgment in his favor and against SkyWest, and orders that:

    a. SkyWest compensate Mr. Hatch with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination and termination;

    b.    SkyWest compensate Mr. Hatch with an award of back pay;

    c.    SkyWest compensate Mr. Hatch with an award of front pay, if appropriate;

    d.    SkyWest pay Mr. Hatch punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

    d.    SkyWest take affirmative action, as this Court deems appropriate based upon the proof at trial or at a proper post-judgment hearing regarding such relief;

    e.    SkyWest pay Mr. Hatch pre and post-judgment interests, costs of suit, and attorney fees as allowable by law;

    f.    For additional equitable relief as this Court deems appropriate based upon the proof at trial or at a proper post-judgment hearing regarding such relief;

    g.    The Court award such other relief as is deemed just and proper;

Dated January 4, 2020.

MAUK MILLER & HAWKINS, PLLC

_____
K. Kelsey Gooden
Attorney for Plaintiff Gregory Hatch